**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM BOWMAN,**

        **Plaintiff,**

vs.                **6:14-cv-00585
                     (MAD/ATB)**

**GRANNY'S KITCHEN, LLC,**

        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **WILLIAM BOWMAN**<br>**14-B-0430**<br>Collins Correctional Facility<br>Post Office Box 340<br>Collins, New York 14034<br>Plaintiff *pro se* | |
| **BARTH, SULLIVAN LAW FIRM**<br>224 Harrison Street<br>Syracuse, New York 13202<br>Attorneys for Defendant | **DAVID H. WALSH, IV, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On May 16, 2014, Plaintiff *pro se* William Bowman (hereinafter "Plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 2000e-5, alleging that Defendant violated his rights under Title VII of the Civil Rights Act of 1991. *See* Dkt. No. 1.

Currently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 16.

## II. BACKGROUND

During the time in question, Plaintiff worked for Granny's Kitchen (hereinafter "Defendant"). Dkt. No. 1 at 1. While at work, Plaintiff alleges his "supervisor . . . called [him] a nig[g]er . . . ." *Id.* at 3. Plaintiff furthers alleges that, upon informing his supervisor's boss, "he told [Plaintiff] he wasn't going to do anything, and to stay away from him." *Id.* at 4. Plaintiff proceeded to file charges with the Equal Employment Opportunity Commission ("EEOC") on July 25, 2013. *Id.* Plaintiff claims that, "after they found out I place[d] a complaint, they terminated me from the company . . . ." *Id.*

On March 7, 2014, the EEOC "issued a Notice-of-Right-to-Sue letter." *Id.* Plaintiff then commenced this action. Dkt. No. 1 at 1. On July 15, 2014, Defendant filed the motion to dismiss that is currently before the Court. *See* Dkt. No. 16. Plaintiff did not file a response to Defendant's motion.

Plaintiff's claims include harassment/hostile work environment, discrimination, and retaliation. Dkt. No. 1 at 3-4. Defendant urges this Court to construe Plaintiff's alleged discrimination and hostile work environment claims as a single cause of action for hostile work environment. Dkt. No. 16-1 at 6. In light of Plaintiff's *pro se* status, the Court will address all three possible claims. Dkt. No. 1 at 3-4.

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all

reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909, 2009 WL 3003244,

3

*3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); rather, an employment discrimination complaint "must include only a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *id.* at 512 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYSHRL discrimination claims).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

**B.    Title VII hostile work environment**

"To state a hostile work environment claim in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive, that is, . . . the conduct creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's [race],'" *Patane*, 508 F.3d at 113 (quoting *Gregory v. Daly*, 243 F.3d 687, 691-92 (2d Cir. 2001)), or because of any other characteristic protected by Title VII, s*ee Gregory*, 243 F.3d at 692 (indicating that any characteristic protected by Title VII is sufficient to satisfy the third element).

"In determining whether conduct constitutes a hostile work environment, the Court must consider the frequency and severity of the discriminatory conduct, whether the conduct is

4

physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance." *Salmon v. Pliant*, 965 F. Supp. 2d 302, 305 (W.D.N.Y. 2013) (citations omitted). Further, "a few isolated incidents of 'boorish or offensive use of language' are generally insufficient to establish a hostile work environment." *Id.* (citations omitted).

In the present matter, Plaintiff alleges a single racial slur by his supervisor, followed by the supervisor's boss telling Plaintiff to "stay away from him." Dkt. No. 1 at 3-4. This Court finds that these two incidents, accepted as true for the purposes of a motion to dismiss, are not sufficient to state a plausible hostile work environment claim. *See Salmon*, 965 F. Supp. 2d at 306 (finding that the use of a racial slur by a coworker combined with multiple other incidents of offensive conduct over a seven year period was not sufficient to support a hostile work environment claim); *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 601 (7th Cir. 2014) (holding that, "while referring to colleagues with such disrespectful language is deplorable and has no place in the workforce, one utterance of the n-word has not generally been held to be severe enough to rise to the level of establishing liability") (citation omitted).

Based on the foregoing, the Court grants Defendant's motion to dismiss regarding Plaintiff's hostile work environment claim.

**C.   Title VII employment discrimination**

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Claims of employment discrimination brought pursuant to Title VII are analyzed under the familiar burden-shifting approach set forth in *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). "Under this framework, a

plaintiff must first establish a *prima facie* case of discrimination." *Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (citation omitted). In order to plead a plausible claim of Title VII discrimination, the plaintiff must allege that (1) he is a member of a protected class; (2) he is qualified for a disputed employment position; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (citation omitted).

The Supreme Court has made clear, however, that *McDonnell–Douglas* sets forth "an evidentiary standard, not a pleading requirement," and that an "employment discrimination plaintiff need not plead a prima facie case of discrimination[.]" *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510, 515 (2002). Rather, as long as the complaint gives the defendant "fair notice of [the plaintiff's] claim and the grounds upon which it rests," and "indicate[s] the possibility of discrimination and thus present[s] a plausible claim for disparate treatment," the complaint satisfies the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Boykin v. KeyCorp*, 521 F.3d 202, 214–16 (2d Cir. 2008).

The first three prongs of the analysis are satisfied by a liberal reading of Plaintiff's complaint. *See* Dkt. No. 1 at 3-4. Since Plaintiff is African-American, he is a member of a protected class under Title VII. 42 U.S.C. § 2000e-2(a)(1). Plaintiff worked for Defendant before his termination, and for the purposes of this motion that is sufficient to satisfy the second prong. Dkt. No. 1 at 1. Finally, termination qualifies as an adverse employment action. Dkt. No. 1 at 4.

However, Plaintiff has not satisfied the fourth prong of the inquiry, because he does not allege a causal connection between his Supervisor's use of a racial slur and his subsequent termination. Dkt. No. 1 at 3. Plaintiff provided no factual support to plausibly suggest that his

6

termination was the causally related to the alleged adverse employment action. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014) ("[I]n order to make . . . a[n inference of race discrimination], the plaintiff must compare herself to employees who are 'similarly situated in all material respects'"). Although discriminatory comments directed at Plaintiff and his racial group are a recognized method of establishing discriminatory intent, he fails to allege facts tying the racial comment to his termination. Finally, to the extent that he may be attempting to allege that his supervisor's boss failure to act on his complaint constituted an adverse employment action, the claim is without merit.

Based on the foregoing, the Court grants Defendant's motion in regard to Plaintiff's discrimination claim.

**D.     Title VII retaliation**

Title VII prohibits employers from discriminating against an employee who "has opposed any practice made an unlawful employment practice" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[.]" 42 U.S.C. § 2000e-3(a). Courts analyze Title VII retaliation claims according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003) (citation omitted).

To make out a *prima facie* case of retaliation under Title VII, a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find "'(1) that he engaged in protected participation or opposition under Title VII . . . , (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, *i.e.*, that a retaliatory motive played a

7

part in the adverse employment action.'" *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (quotation and other citations omitted).

The first prong of this analysis is satisfied by Plaintiff's filing of charges with the EEOC. Dkt. No. 1 at 4. At the motion to dismiss stage, Plaintiff's allegation that Defendant "found out [he] placed a complaint" is sufficient to satisfy the second prong. *Id.* Further, it is apparent that Defendant's firing of Plaintiff qualifies as an "adverse employment action." *Id.*; *Kessler*, 461 F.3d at 206. However, Plaintiff has failed to state a plausible claim for relief, because his complaint does not include sufficient factual allegations to show "that a causal connection exists between the protected activity and the adverse action." *Kessler*, 461 F.3d at 206.

In his complaint, Plaintiff fails to provide any indication regarding when he was terminated in relation to when he filed his EEOC complaint. *See Henry*, 18 F. Supp. 3d at 412 (holding that "when 'mere temporal proximity' is offered to demonstrate causation, the protected activity and the adverse action must occur 'very close' together"). Since Plaintiff has failed to include the date of his termination in the complaint, his "conclusory allegations are simply 'too vague in nature and non specific as to time . . . to serve as a basis for [his] retaliation claim." *Id.* (citations omitted).

Based on the foregoing, the Court grants Defendant's motion to dismiss.

**E.     Leave to amend**

Although a court should generally permit a *pro se* litigant leave to amend at least once, the Court finds that amendment is inappropriate in this case. The deficiencies in the complaint, which discusses truly only one racially offensive remark, could not likely be remedied. Additionally, Plaintiff commenced this action on May 16, 2014 and filed a motion to appoint counsel on June 11, 2014. *See* Dkt. Nos. 1 & 8. Plaintiff's June 11, 2014 motion is the last

8

correspondence that the Court has received from Plaintiff. Given Plaintiff's apparent disinterest in the prosecution of this lawsuit "and there being no indication that plaintiff would be able to cure the defects in the complaint, the complaint is dismissed in its entirety with prejudice." *St. Jules v. United Parcel Service, Inc.*, No. 09-CV-1201, 2010 WL 1268071, *2 (E.D.N.Y. Mar. 31, 2010) (granting the defendant's unopposed motion to dismiss and dismissing the plaintiff's complaint with prejudice where he failed to plausibly allege his claims under Title VII and the ADA, and based on the plaintiff's disinterest in pursuing his action).

Accordingly, the Court grants Defendant's motion to dismiss and Plaintiff's complaint is dismissed with prejudice.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge